IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DAVID ABBAGNARO and MICHELE | ) | |
| L. ABBAGNARO, | ) | |
| | ) | |
| Debtors | ) | CASE NO. 18-10492-MDC |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| A DIVISION OF CAPITAL ONE, N.A. | ) | **HEARING DATE:** |
| Movant | ) | Tuesday, May 29, 2018 |
| | ) | 10:30 a.m. |
| vs. | ) | |
| | ) | **LOCATION:** |
| DAVID ABBAGNARO and MICHELE | ) | U.S. Bankruptcy Court |
| L. ABBAGNARO, | ) | Eastern District of Pennsylvania |
| Respondents | ) | Courtroom # 2 |
| and | ) | 900 Market Street |
| WILLIAM C. MILLER | ) | Philadelphia, PA 19107 |
| Trustee | ) | |

## STIPULATION

COME NOW, this 21st day of _____ June _____, 2018, *David Abbagnaro and Michele L. Abbagnaro*, through Debtors' attorney, *Brad J. Sadek, Esquire*, and Capital One Auto Finance, a Division of Capital One, N.A. ("COAF") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay:

WHEREAS the Debtors own a 2010 TOYOTA Highlander-V6 Utility 4D Sport 4WD, V.I.N. 5TDEK3EH5AS005760 ("vehicle"); and

WHEREAS COAF files a Motion for Relief ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtors have filed a Response to the Motion; and

WHEREAS the Debtor and COAF seek to resolve the Motion; It is hereby stipulated and agreed that:

1. The post-petition delinquency is $2,638.55 in post-petition arrears, plus $481.00 in attorney's fees and costs as of May 31, 2018

2. The Debtors shall file an amended Chapter 13 plan providing payment of the post-

petition arrears, totaling $3,119.55 within 10 days of the entry of this Stipulation.

3. Thereafter, the Debtors shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $527.71 due on June 30, 2018, and all such future payments due on the 30th of each month thereafter.

4. If Debtors shall fail to have a plan conforming to this Stipulation or the Debtors fail make to ongoing regular monthly payments and Debtors fail to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtors' default and COAF shall be granted relief from the automatic stay provisions of Sections 362 of the Bankruptcy Code (11 U.S.C. § 362), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtors shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

5. In the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by COAF, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

*Magdeline D. Coleman*

Magdeline D. Coleman
U.S. BANKRUPTCY JUDGE

| | |
|---|---|
| Post-Petition Arrears: | $ 1,870.43 |
| Counsel Fees: | $ 481.00 |
| *Total:* | *$2,351.43* |

Capital One Auto Finance,
A Division of Capital One N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 6/5/18

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtors: David Abbagnaro and Michele L. Abbagnaro**

By Counsel for Debtor: Brad J. Sadek, Esquire

By: _____
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED: 6/5/2018

Chapter 13 Trustee

6/21/18  By: /s/ [signature]   NO POSITION*
William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377

*without prejudice to any trustee rights or remedies

Please send copies to:

David Abbagnaro
Michele L. Abbagnaro
335 Elm Avenue
North Wales, PA 19454

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107

William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105

Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107