# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 18-10492(MDC) |
| DAVID ABBAGNARO and | : | CHAPTER 13 |
| MICHELE L. ABBAGNARO | : | |
| Debtors | : | HEARING SCHEDULED FOR |
| | : | JULY 31, 2018 AT 10:30 A.M. |
| | : | UNITED STATES BANKRUPTCY COURT |
| | : | 900 MARKET STREET |
| | : | PHILADELPHIA, PENNSYLVANIA 19107 |

### MOTION OF ALLY FINANCIAL INC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d) AND WAIVER OF 14 DAY STAY OF EFFECTIVENESS OF ORDER

TO THE HONORABLE MAGDELINE D. COLEMAN
OF THE BANKRUPTCY COURT:

Ally Financial Inc., by and through its attorneys, Lavin, O'Neil, Cedrone & DiSipio, hereby moves the Honorable Court for an Order pursuant to 11 U.S.C. §362(a) granting Ally Financial Inc. relief from the automatic stay and in support thereof avers:

1. Ally Financial Inc. is a corporation duly organized and in good standing under the laws of the State of Delaware and for purposes of this motion only, maintains a place of business at 4000 Lexington Avenue N, Suite 100, Shoreview, MN 55126.

2. On or about January 26, 2018, the Debtors filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. On or about January 31, 2013, Michele L. Abbagnaro and David J. Abbagnaro (collectively, the "Debtors") executed and delivered to Bergey's Chrysler Jeep Dodge (the "Dealer"), a Retail Installment Sale Contract (the "Contract") in consideration of the purchase price of a 2013 Chrysler 200 Touring, VIN: 1C3CCBBBXDN594835 (the "Vehicle"). A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "A".

4. Dealer assigned the Contract to Ally Financial Inc. whereby the Debtors became obligated to Ally Financial Inc. under the terms of the Contract. A copy of the Vehicle's Electronic Title is attached hereto and incorporated herein as Exhibit "B".

5. Under the terms of the Contract, the Debtors agreed to pay the principal sum of $22,286.96, plus finance charges calculated at an annual percentage rate of 7.60% by remitting seventy-five (75) payments in the amount of $374.22 each beginning March 2, 2013.

6. As of and including the July , 2018 due Contract payment, the Debtors are in post-petition arrears to Ally Financial Inc. for $2,245.32.

7. The Contract requires the Debtors to maintain verifiable insurance coverage on the Vehicle and as of the petition date, Ally Financial Inc. was unable to verify insurance for the Vehicle.

8. The Debtors have defaulted on their obligations to Ally Financial Inc. under the Contract by reason of the foregoing, Ally Financial Inc. is entitled to immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, including lack of adequate protection.

9. Ally Financial Inc. requests that as permitted by Bankr. R. 4001(a)(3), the courts Order become effective immediately without the 14 day stay imposed by said rule.

WHEREFORE, Ally Financial Inc. moves this Honorable Court to enter an Order:

    A. Terminating the automatic stay as to Ally Financial Inc. with respect to the Vehicle;

    B. Permitting Ally Financial Inc. to take such actions and seek such remedies to recover the Vehicle as are permitted by the Contract, the Pennsylvania Uniform Commercial Code and other applicable laws; and

    C.    Granting such other and further relief as this Court may deem just and proper.

LAVIN, O'NEIL, CEDRONE & DiSIPIO

DATED: July 5, 2018      By: /s/ Regina Cohen
                                      Regina Cohen, Esquire
                                      Attorneys for Ally Financial Inc.